Janet RATCLIFF, individually and in her capacity as the personal representative of the estate of Michael Wallace, Plaintiff—Appellant,

v.

COUNTY OF SANTA CLARA, a municipal entity, et al., Defendants—Appellees,

CITY OF MOUNTAIN VIEW, Real-party-in-interest.

No. 03–15463.

D.C. No. CV–01–20372–JW.

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 2004.*

Decided May 28, 2004.

Angela Alioto, Steven L. Robinson, Esq., Law Offices of Joseph L. Alioto & Angela Alioto, San Francisco, CA, for Plaintiff–Appellant.

Winifred Botha, Esq., Melissa R. Kiniyalocts, Esq., Craig M. Brown, Esq., San Jose, CA, for Defendant–Appellee.

Lance Bayer, Mountain View, CA, for Real-party-in-interest.

Before O'SCANNLAIN, SILER,** and HAWKINS, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2)(C).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

MEMORANDUM ***

Janet Ratcliff appeals the district court's grant of summary judgment to the County of Santa Clara ("the County") on claims arising from her son's death. Ratcliff argues that the district court should have extended discovery before granting summary judgment.

Fed.R.Civ.P. 56(f) provides that when considering a motion for summary judgment, a court "may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had...." Ratcliff had already been granted four continuances to conduct further discovery. The district court "never formally denied discovery[ ] because [Ratcliff] never formally moved for discovery." *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.1986). "References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)." *Id.* "Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery. Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." *Id.* (citing *Foster v. Arcata Assocs., Inc.*, 772 F.2d 1453, 1467 (9th Cir.1985)).

Ratcliff only informally requested further discovery in her response to the County's motion for summary judgment. Noticeably absent from Ratcliff's response was *any* reference to Fed.R.Civ.P. 56(f) or *any* attached affidavit setting forth those facts she expected to acquire from additional discovery. There was no abuse of discretion.

Furthermore, even if Ratcliff had formally requested additional discovery pursuant to Fed.R.Civ.P. 56(f), she cannot

demonstrate how it would have precluded summary judgment. Although her son obviously suffered a "sufficiently serious" deprivation, thereby satisfying the objective prong of an Eighth Amendment violation, Ratcliff fails to raise any genuine issue of material fact that the County was deliberately indifferent to his safety. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

AFFIRMED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.